UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLTON XAVIER MATHEWS,
FDOC Inmate No. J27519,
     Plaintiff,

vs.                       Case No.:  3:24cv00119/LAC/ZCB

J STREEIT, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC).  He instituted this action without paying the filing fee, and he has filed a motion to proceed *in forma pauperis* (IFP).  (Doc. 2).  Upon review of Plaintiff's litigation history, the undersigned recommends this case be dismissed without prejudice because Plaintiff is a three-striker who is barred from proceeding IFP.  Thus, he was required to pay the filing fee upon initiating this suit.

## I.    Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated .

1

. . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g).  The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.*  According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating

that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1]  That search has revealed that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted, including:

- *Mathews v. Johnson*, No. 5:22cv00306 (N.D. Fla. Feb. 10, 2023) (dismissed as malicious);

- *Mathews v. Walters*, No. 3:22cv19312 (N.D. Fla. Oct. 18, 2022) (dismissed as malicious); and

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

• *Mathews v. Duval Cnty. Courthouse*, No. 3:16cv723 (M.D. Fla. June 15, 2016) (dismissed as frivolous).[2]

In fact, this Court has previously recognized Plaintiff as a three striker who is barred from proceeding IFP. *See, e.g., Mathews v. Johnson*, No. 5:22cv00306 (N.D. Fla. Feb. 10, 2023); *Mathews v. City of Wewahitchka*, No. 5:22cv00109 (N.D. Fla. July 5, 2022).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so.

With his complaint, Plaintiff has submitted a document entitled "imminent danger," which appears to be an attempt to assert he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. (*See* Doc. 1 at 19). But Plaintiff's allegations fall short of satisfying this narrow exception.

---

[2] Plaintiff lists all three of these cases in the "Prior Litigation" section of his complaint. (Doc. 1 at 11-13). Additionally, the plaintiff in these cases identifies himself with the same inmate number as Plaintiff here.

The section 1915(g) exception requires the complaint, as a whole, to allege imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The exception requires a showing of "specific, credible allegations of imminent-danger of serious physical harm." *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up). Conclusory and generalized allegations are insufficient. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (stating that "general assertions" were insufficient to show imminent physical danger). Rather, what is required are "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

Additionally, the plaintiff must be in such imminent danger of serious physical injury at the time he files the lawsuit—not at the time of the alleged incident that gave rise to the complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the threat of imminent danger to the inmate "ceased prior to the filing of his [c]omplaint," he did not qualify for the 1915(g) imminent danger

exception); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Here, Plaintiff's complaint alleges that on January 5, 2024, correctional officers Streeit and John Doe pushed Plaintiff's face against a wall and a pipe, and they stole some of Plaintiff's property during a cell search. (Doc. 1 at 5). Plaintiff also alleges he was refused medical treatment for his injuries, namely, a laceration on his forehead. (*Id.* at 6). Conversely, Plaintiff's allegations of "imminent danger" recount incidents from October and November 2023 that involve two different correctional officers, Officers Lambert and Tuner. (*Id.* at 19). Plaintiff asserts these officers placed him on property restriction after accusing him of directing sexual acts towards a female officer, and they took his property in retaliation after Plaintiff grieved the situation. (*Id.*). Plaintiff further alleges he was threatened with physical abuse by a third officer, Officer Currier, and three weeks later, Officer Lambert told Plaintiff that "he would kill him if he got the chance." (*Id.* at 20).

6

The allegations in Plaintiff's "imminent danger" filing are from nearly four months prior to filing his complaint in this case. And, Plaintiff has not sufficiently established that there have been additional, recent, and ongoing incidents in which he was experiencing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Indeed, Plaintiff does not mention the allegations or correctional officers from his "imminent danger" filing in the statement of facts section in his complaint. And Plaintiff cannot rely exclusively on past conduct to show imminent danger. *See Medberry*, 185 F.3d at 1193.

What's more, Plaintiff's general allegations of threatened physical abuse do not amount to "specific fact allegations" of imminent future harm. *See Sutton*, 334 F. App'x at 279; *see also Godhigh v. Wester*, No. 5:18cv141, 2018 U.S. Dist. LEXIS 124398, at *3 (N.D. Fla. June 20, 2018) (determining that allegations of a correctional officer threatening to "knock plaintiff's teeth in[to the] back of his head" did not convey imminent danger of serious physical injury); *Brown*, 38 F.3d at 1350 (determining that conclusory allegations that defendants were trying to kill plaintiff were insufficient to satisfy the imminent danger exception);

7

*Dice v. Inch*, No. 3:20cv5777, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("[The plaintiff's] allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger of physical harm."), *adopted by*, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020). Thus, Plaintiff has not established that the "imminent danger" exception to the three-strike rule applies here. Dismissal without prejudice is, therefore, appropriate.

## II.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (Doc. 2), be **DENIED**.

2.    This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

3.    The Clerk of Court be directed to close this case.

At Pensacola, Florida this 21st day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

8

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.